UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: KEURIG GREEN MOUNTAIN
SINGLE-SERVE COFFEE ANTITRUST LITIGATION         MDL No. 2542

TRANSFER ORDER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiff in one Southern District of New York action moves to centralize this litigation in that district. The litigation consists of eight actions pending in the Eastern District of California, the District of Delaware, the District of Massachusetts, and the Southern District of New York, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of seventeen related actions.[1] The actions in this litigation primarily involve allegations that Keurig Green Mountain, Inc., and its predecessors Green Mountain Coffee Roasters and Keurig Incorporated (the "Keurig Green Mountain companies" or "defendants") have engaged in anticompetitive conduct with respect to the Keurig single-serve brewer and single-serve coffee packs utilized in the Keurig brewer.

Movant proposes that the MDL should encompass three types of actions – direct purchaser class actions, indirect purchaser class actions, and individual actions brought by competitors of the Keurig Green Mountain companies. The responding parties support, or do not oppose, centralization of the direct and indirect purchaser actions – currently, six actions on the motion and seventeen potential tag-along actions[2] – but have divergent views on whether the competitor actions should be included. Defendants and the majority of responding plaintiffs in the Southern District of New York actions support centralization of all actions in that district, as proposed by movants, arguing that the same conduct by the Keurig Green Mountain companies is at issue in all actions. Plaintiffs in the two competitor actions – one in the Eastern District of California (*JBR, Inc.*) and one in the Southern District of New York (*TreeHouse Foods, Inc.*) – oppose centralization of their actions, arguing that certain aspects of their complaints allege unique harms to them as competitors, such as the alleged

---

[*] Judge John G. Heyburn II took no part in the decision of this matter. Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Plaintiffs in two potential tag-along actions on behalf of indirect purchasers (the Southern District of California *Schroeder* and *Gray* actions) filed briefs opposing centralization, but at oral argument, represented that they now support centralization.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY _____
Deputy Clerk

sham patent infringement actions against them by Keurig Incorporated. They also contend centralization will unfairly delay their actions, which involve a pending motion for preliminary injunction and expedited discovery requests that allegedly require resolution far in advance of issues pertaining to the other actions. They suggest voluntary coordination as a practicable alternative to centralization.

While we agree that these actions present some individualized factual issues, the existence of such issues does not negate the common ones. All of the actions on Schedule A raise virtually identical factual questions concerning the conduct of Keurig Green Mountain, Inc., and its predecessors in allegedly monopolizing the market for single-serve coffee cups used in Keurig brewing machines. Additionally, most of the complaints challenge defendant's alleged plans to introduce a product redesign later this year, which is the subject of the motion for preliminary injunction and other anticipated expedited proceedings in the *JBR* and *TreeHouse* competitor actions. In any event, "Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization." *See In re: Park West Galleries, Inc., Litig.*, 887 F. Supp. 2d 1385, 1385 (J.P.M.L.2012).

Transfer under Section 1407 will offer the benefit of placing all related actions before a single judge who can structure pretrial proceedings to accommodate all parties' discovery needs while ensuring that common witnesses are not subjected to duplicative discovery demands. Section 1407 centralization thus will enable pretrial proceedings to be conducted in a manner that will lead to the just and expeditious resolution of all related actions, which is to the overall benefit of all parties. Additionally, we find centralization preferable to voluntary coordination given the number of involved actions, counsel, and districts, and the complexity of the issues raised in this litigation.

With respect to actions that may involve case-specific or time-sensitive motions, it may be advisable to establish a separate track of proceedings if those actions, as certain plaintiffs contend, require expedited discovery or motions to protect the parties' rights, but the degree of consolidation or coordination is a matter soundly dedicated to the discretion of the transferee judge. *See In re: Hyundai and Kia Fuel Economy Litig.*, 923 F. Supp. 2d 1364, 1365 (J.P.M.L. 2013).

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share common factual allegations concerning the conduct of the Keurig Green Mountain companies in allegedly monopolizing the market for single-serve coffee packs or an alleged submarket thereof. The defendants' alleged anticompetitive conduct includes, *inter alia*, acquisition of competitors, entering into exclusionary agreements with suppliers and distributors to prevent competitors from entering the market, engaging in sham patent infringement litigation, and a product redesign in the next version of defendants' brewing system that allegedly will "lock-out" competitors' products. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to class certification and preliminary injunctive relief); and conserve the resources of the parties, their counsel and the judiciary.

-3-

We conclude that the Southern District of New York is an appropriate transferee district for this litigation. The majority of actions are pending in this district, which is conveniently located for this nationwide litigation. Defendant Keurig Green Mountain, Inc., has its principal place of business in Vermont, and thus common evidence will be reasonably accessible from this location. This district has the support of plaintiffs in four of the eight actions on the motion and four potential tag-along actions, defendants support it as their second choice of venue, and the opposing plaintiffs in one competitor action (*TreeHouse Foods*) support it in the alternative. Judge Vernon S. Broderick, who presides over sixteen of the pending actions against defendants, has extensive experience in complex civil litigation. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Vernon S. Broderick for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Marjorie O. Rendell
Acting Chairman

Charles R. Breyer        Lewis A. Kaplan
Sarah S. Vance           Ellen Segal Huvelle
R. David Proctor

IN RE: KEURIG GREEN MOUNTAIN
SINGLE-SERVE COFFEE ANTITRUST LITIGATION         MDL No. 2542

## SCHEDULE A

Eastern District of California

JBR, INC. v. KEURIG GREEN MOUNTAIN, INC., C.A. No. 2:14-00677

District of Delaware

MAJOR v. KEURIG GREEN MOUNTAIN, INC., ET AL., C.A. No. 1:14-00348

District of Massachusetts

RIZZO v. KEURIG GREEN MOUNTAIN, INC., C.A. No. 1:14-11030

Southern District of New York

TREEHOUSE FOODS, INC., ET AL. v. GREEN MOUNTAIN COFFEE ROASTERS, INC., ET AL., C.A. No. 1:14-00905

HOYER v. GREEN MOUNTAIN COFFEE ROASTERS, INC., ET AL., C.A. No. 1:14-01609

NEY SILVERMAN INSURANCE ASSOCIATES, LLC v. KEURIG GREEN MOUNTAIN, INC., ET AL., C.A. No. 1:14-01671

ROCKER v. GREEN MOUNTAIN KEURIG, INC., ET AL., C.A. No. 1:14-01716

CONSTANTINO v. KEURIG GREEN MOUNTAIN, INC., ET AL., C.A. No. 1:14-01836