UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE:<br><br>KEURIG GREEN MOUNTAIN SINGLE SERVE COFFEE ANTITRUST LITIGATION | ECF Case<br><br>MDL No. 2542<br><br>Master Docket No. 1:14-md-2542-VSB-SLC |
| JBR, Inc. (D/B/A ROGERS FAMILY COMPANY),<br><br>    Plaintiff/<br>    Counterclaim Defendant,<br><br>    v.<br><br>KEURIG GREEN MOUNTAIN, INC. (F/K/A GREEN MOUNTAIN COFFEE ROASTERS, INC. AND AS SUCCESSOR TO KEURIG, INC.),<br><br>    Defendant/<br>    Counterclaim Plaintiff. | 1:14-cv-04242-VSB-SLC |

# MEMORANDUM OF LAW IN SUPPORT OF JBR'S MOTION THAT THE COURT SUGGEST TO THE MDL PANEL THAT JBR'S CLAIMS AGAINST KEURIG BE REMANDED TO THE EASTERN DISTRICT OF CALIFORNIA

**PUBLIC REDACTED VERSION**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | THE MDL STATUTE AND CONTROLLING PRECEDENT COMPEL A TRANSFER AFTER DISCOVERY IS COMPLETE | 2 |
| III. | FACT AND EXPERT DISCOVERY HAVE BEEN COMPLETED IN COORDINATED FASHION AND THE OBJECTIVES OF THE MDL HAVE BEEN MET | 3 |
| A. | Plaintiffs Do Not Have Common Experts, Meaning That Summary Judgment Motions and Daubert Motions, and the Like, Will Concern Different Sets of Expert Testimony, Undermining Any Claim That Continued Consolidation Will Increase Efficiency | 4 |
| B. | Keeping the Cases Consolidated for the Class Certification Issues Provides No Efficiencies Because Those Issues Are Irrelevant to JBR, Which Has No Class Action Issues | 5 |
| C. | Years of Additional Delay Is Highly Prejudicial to JBR | 6 |
| D. | JBR's Federal Claims Are Governed by Different Substantive Law Than the Other Parties to the MDL | 8 |
| IV. | CONCLUSION | 9 |

TABLE OF AUTHORITIES

**Cases**

*In re Anthem, Inc. Data Breach Litig.*,
   No. 15-MD-02617-LHK, 2016 WL 3029783 (N.D. Cal. May 27, 2016) ................................ 8

*In re Bard IVC Filters Prod. Liab. Litig.*,
   No. MDL 15-02641-PHX-DGC, 2021 WL 565336 (D. Ariz. Feb. 11, 2021) .......................... 4

*In re Korean Air Lines Disaster*,
   829 F.2d 1171 (D.C. Cir. 1987) ........................................................................................ 8

*In re Korean Air*,
   642 F.3d 685 (9th Cir. 2011) ............................................................................................ 8

*In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*,
   No. 11-MD-2286-MMA (MDD), 2020 WL 7391251 (U.S. Jud. Pan. Mult. Lit. Dec. 1, 2020) 3

*In re Vioxx Prods. Liab. Litig.*,
   478 F.Supp.2d 897 (E.D. La. 2007) .................................................................................. 8

*Lexecon v Milberg Weis Bershand Hynes and Lerach,*
   523 U.S. 26 (1998) ...................................................................................................... 3, 6

**Statutes**

28 U.S.C. § 1407 ................................................................................................................. 1, 2

## I. INTRODUCTION

On March 12, 2020, the Court denied a request by JBR, Inc. (d/b/a Rogers Family Company) ("JBR") seeking transfer of its claims against Keurig Green Mountain, Inc. ("Keurig") back to where they were filed (Eastern District of California) at the close of fact discovery. ECF Nos. 848, 1152. In denying JBR's request, the Court stated that the request should be made at the close of expert discovery. ECF Nos. 848, 1152. The parties completed all expert depositions in the JBR case on April 2. All party expert discovery finished on April 7. Now that both fact and expert discovery have closed in this Multidistrict Litigation ("MDL") proceeding, pursuant to the Court's prior order JBR moves, pursuant to 28 U.S.C. § 1407, that the Court recommend to the United States Judicial Panel on Multidistrict Litigation ("Panel") that JBR's claims against Keurig Green Mountain, Inc. ("Keurig") be remanded to the Eastern District of California for all further proceedings.

There are multiple reasons to remand the JBR claims now and let them proceed in California. Federal Rule of Civil Procedure 1 states that civil actions are to be administered to provide litigants a "just, speedy, and inexpensive determination of every action and proceeding." JBR, a small family-owned business, has already been denied that objective by being forced to participate in 4+ years of massive, coordinated discovery with over 6 years passing since consolidation of the Treehouse case and, the Direct and Indirect class action purchaser cases in this MDL, transforming the relatively straightforward antitrust and false advertising case against Keurig into a complex set of cases involving different claims under different laws, and a massive discovery effort. The current schedule operative in the joined cases includes additional discovery on the class action claims, a lengthy period of briefing to allow time for the Court to

consider whether a class exists as well as decide the likely numerous motions for summary judgment and Daubert issues. Given the additional class action briefing, the number and complexity of the various motions filed by each of the parties, it may take years before the consolidated cases are ready for trial and JBR is returned to California for a trial on the merits.

Moreover, the Eastern District of California is better suited to deal with the merits-based proceedings that remain, like summary judgment motions, because, unlike with the other plaintiffs, California law applies to substantive issues in JBR's case. In addition, the Court in the Eastern District of California should decide the Daubert motions as it will be the trier of fact listening to the various experts and will have to rule on the expert qualifications and there is no overlap with the expert reports in the other consolidated cases.

All of the relevant factors, speed, efficiency and fairness, support the recommendation that the JBR case be transferred to the Eastern District of California and Rogers respectfully request that this court inform the MDL panel that the JBR matter be transferred.

## II.    THE MDL STATUTE AND CONTROLLING PRECEDENT COMPEL A TRANSFER AFTER DISCOVERY IS COMPLETE

28 U.S.C. § 1407 governs Multidistrict Litigation and requires transfer at the end of pretrial proceedings. The statute reads in pertinent part:

> Each action so transferred <u>shall be remanded by the panel at or before the conclusion of such pretrial proceedings</u> to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

28 U.S.C. § 1407(a) (emphasis added).

The case law is equally clear that once the pretrial proceedings are concluded the MDL judge must return the case to the originally filed jurisdiction. *Lexecon v Milberg Weis Bershand*

2

*Hynes and Lerach,* 523 U.S. 26 (1998). The *Lexecon* decision confirmed that the statutory language "shall be remanded at or before the conclusion of pretrial proceedings" required transfer. In *Lexecon,* the transferee judge issued an order keeping the case after the close of discovery. Lexecon appealed and argued that the trial court had no authority to keep the case and was required by the statute to return the case to the transferor court for trial. The Supreme Court agreed and ruled that the transferee court had no power to keep the case and ordered the case returned to the transferor court. *See also In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, No. 11-MD-2286-MMA (MDD), 2020 WL 7391251, at *6 (U.S. Jud. Pan. Mult. Lit. Dec. 1, 2020) (remanding cases back to home districts where there did "not appear to be any pending discovery to be produced for the purpose of this MDL").

### III. FACT AND EXPERT DISCOVERY HAVE BEEN COMPLETED IN COORDINATED FASHION AND THE OBJECTIVES OF THE MDL HAVE BEEN MET

All fact and expert discovery have been completed after over 4 years of discovery that commenced with third party subpoenas in 2016 and party discovery in November 2017 and was closely coordinated between plaintiffs and Keurig to avoid duplication and overlap. This fulfilled the stated objective of the Panel when it ordered the transfer of JBR's claims to this Court. That objective was explicitly stated to allow a single judge to "structure pretrial proceedings to accommodate all parties' discovery needs while ensuring that common witnesses are not subjected to duplicative discovery demands" and "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly with respect to class certification and preliminary injunctive relief)." Transfer Order at 2.

The issues identified by the MDL as reason for combining all cases are no longer relevant. The preliminary injunctive relief was denied in 2014 and the class action issues are not part of JBR's case against Keurig. Discovery was coordinated and was no duplicative discovery

demands. There is no need for further coordination as the current schedule includes several months of class action discovery and briefing that have nothing to do with any claim involving JBR.

With all fact and expert discovery complete, the principal benefit of consolidation, avoiding duplicative discovery, has ended. *In re Bard IVC Filters Prod. Liab. Litig.*, No. MDL 15-02641-PHX-DGC, 2021 WL 565336, at *2 (D. Ariz. Feb. 11, 2021) ("The primary purposes of this MDL – coordinated pretrial discovery and resolution of common issues – have been fulfilled. All common fact and expert discovery has been completed.").

### A. Plaintiffs Do Not Have Common Experts, Meaning That Summary Judgment Motions and Daubert Motions, and the Like, Will Concern Different Sets of Expert Testimony, Undermining Any Claim That Continued Consolidation Will Increase Efficiency

JBR's trial will require the Trial Court to consider expert testimony from JBR's five liability and damages experts who submitted 10 expert reports, and Keurig's six rebuttal expert reports, plus Keurig's four counterclaim-related expert reports from its two experts, and JBR's two rebuttal experts with respect to Keurig's counterclaim. None of those 22 expert reports submitted by JBR and Keurig are relied upon by any other party which means there are no benefits to further coordination. Rogers is using a separate set of experts on liability from the experts used by each of the other plaintiffs, including software expert Barbara Frederiksen, sham litigation expert Hon. James Ware (ret.), economics expert Gareth Macartney, and market expert Bob Giacomelli. In rebuttal to JBR's experts, Keurig has submitted separate rebuttal expert reports in response to each of JBR's liability and damages experts. In submitting those rebuttal expert reports in response to JBR's expert reports, Keurig was careful to make clear that Keurig's experts reports were submitted solely in response to JBR's expert reports. To the extent that Keurig served rebuttal reports in response to other plaintiffs' expert reports, Keurig made

clear that those reports applied to the other plaintiffs' experts.  Similarly, Keurig's counterclaim against JBR has not been asserted against any other party, and therefore there is no expert overlap with respect to that cause of action, which is unique to the JBR case.  Finally, JBR's damages model is different from that presented by the other plaintiffs; each plaintiff presented its own separate damages experts, and Keurig submitted damages reports in response to each plaintiff.  The parties have separated each of the cases thus ensuring that the JBR case could be transferred without affecting the other cases.

Because the summary judgment motions will be largely based on different sets of expert testimony, there are few efficiencies of overlapping evidence by having them resolved in the same court.  Remanding the case will not result in any additional work for the parties, because those same sets of expert reports that have already been prepared by JBR and Keurig will be relied upon by the parties whether the summary judgment motions are heard in this district or in the Eastern District of California.  Likewise, the deposition testimony from each of those experts is preserved for use in transferor district or the transferee district.  Consequently, keeping the summary judgment motions regarding JBR consolidated will not result in any efficiency gains with respect to the parties' reliance on their expert reports, which are already complete and on which the experts have already been questioned in deposition.

B. **Keeping the Cases Consolidated for the Class Certification Issues Provides No Efficiencies Because Those Issues Are Irrelevant to JBR, Which Has No Class Action Issues**

Immediately after expert discovery closed on April 7, the Court's Scheduling Order contemplated multiple months of class certification briefing.  None of JBR's claims involve class action issues, and therefore, that process will not involve JBR, and there are no efficiencies to having JBR in the MDL for those proceedings.

### C. Years of Additional Delay Is Highly Prejudicial to JBR

The current schedule does not permit any party to file a summary judgment motion prior to August 18 without leave. The briefing on dispositive motions continues into November. Based on experience in this case, it certainly seems likely that the decisions on the numerous summary judgment motions and class action briefs may take multiple years before a decision is reached. In short, if the MDL Court keeps the case until all pre-trial proceedings are over (the latest it could legally keep the case under *Lexecon*), JBR is potentially facing multiple additional years of delay while it waits on the sideline while the class action issues are decided and as discussed above.

This additional delay will be on top of years of delay that JBR has already experienced due to consolidation in this MDL. As the Court is aware, this case was consolidated in June 2014, but full party discovery and third-party discovery was stayed while the Court considered motions to dismiss. It was not until approximately 3.5 years later that the Court ruled on the motions and allowed party discovery to commence. █████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████ Now, JBR is facing more delay while the court addresses numerous Daubert motions, class action briefings, and unrelated summary judgment motions. At the end of this process JBR will experience further delay as its case will then be remanded to California for trial.

JBR is a family-owned company who business was greatly damaged by Keurig's monopolization effort (including designing Keurig 2.0 to reject JBR's products and then

manipulating retailers to avoid JBR's product on that basis) and making false advertising statement concerning both JBR's products and Keurig's own products. JBR deserves to have its claims decided by a jury as soon as possible. It is hard to imagine a situation where the old adage "justice delayed is justice denied" is more apt.

This case is also different from other cases because discovery took place in the midst of the COVID pandemic. Due to the parties' established track record of successfully utilizing Zoom in light of the changed circumstances created by the pandemic, the parties are accustomed to handling the case remotely. Each of the parties have demonstrated the ability to appear for important hearings and conduct case critical depositions (including ***all expert depositions***) using Zoom. In the past year, ***all of JBR's California-based experts and 30(b)(6) witnesses*** were remotely deposed by Keurig's counsel using Zoom. JBR ***remotely deposed all of Keurig's experts*** scattered in California, Minnesota, Texas, Massachusetts, New Hampshire, and Illinois using Zoom. All parties have participated in at least 10 different hearings remotely in the past year. ECF Nos. 879, 880, 928, 955, 985, 987, 1018, 1028, 1050, 1161, 1164, 1213.

Finally, to the extent any future proceedings are in person, none of JBR's witnesses reside in or near the Southern District of New York. More than 75 percent of JBR's fact witnesses reside in Northern California, and the few JBR witnesses that reside outside of California are scattered in districts away from the Southern District of New York. With two exceptions, all of JBR's likely third-party live witnesses reside in California. With one exception, all of JBR's expert designees reside in Northern California. Therefore, on the grounds of convenience of the witnesses this matter should be transferred to California.

### D. JBR's Federal Claims Are Governed by Different Substantive Law Than the Other Parties to the MDL

There is very limited benefit to further coordinated proceedings in this MDL with respect to JBR's claims against Keurig. For JBR's Federal claims (Sherman Act and Lanham Act), summary judgment motions will be decided based upon close consideration of Ninth Circuit law. JBR filed in California, and therefore this Court would be required to give "close consideration" to the law of the transferor court, the Eastern District of California, in deciding any motions. *In re Vioxx Prods. Liab. Litig.*, 478 F.Supp.2d 897, 903 (E.D. La. 2007) (an MDL court, "must apply the law of the transferor forum, that is, the law of the state in which the action was filed."); *see also In re Korean Air*, 642 F.3d 685, 699, n. 12 (9th Cir. 2011) ("[T]he MDL transferee court is generally bound by the same substantive legal standards, if not always the same interpretation of them, as would have applied in the transferor court."); *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1176 (D.C. Cir. 1987) (explaining that, unlike state law, federal law is not state-by-state, and elsewhere noting that law of transferor court's circuit "merits close consideration, but does not have stare decisis effect in a transferee forum situated in another circuit."). Simply put, an MDL transferee court is "bound by the same substantive legal standards...as would have applied in the transferor court." *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2016 WL 3029783, at *38 (N.D. Cal. May 27, 2016) (applying Second Circuit law to claims originating there). For the other parties to this MDL, Second Circuit law will apply as those cases were originally filed in Southern District of New York. This means that continued consolidation would significantly increase the burden on this court as it would have to decide the JBR claims with close consideration of federal law applicable in California while deciding the Treehouse and class action claims under federal law applicable in New York. This is both inefficient and burdensome for this court. It might also result in lengthening the time to trial in

both cases. The better outcome is to have the California court decide these issues and schedule a trial date as under the law it will be the ultimate decision maker.

## IV. **CONCLUSION**

All of the factors support this Court recommending that the JBR case be remanded to California. It is more efficient to have summary judgment and Daubert motions heard by the California court because if this court keeps the JBR's case consolidated during summary judgment phase it will result in twice as much work for this court by forcing it to apply Ninth Circuit and California case law to JBR's causes of action, and a completely different law to all causes of action involving every other plaintiff in this MDL. The transfer avoids delay as the schedule is extended to handle class action issues that are irrelevant to JBR's claims and likely will force JBR to wait multiple more years before it is returned to California where it could finally seek a trial date. The court can ameliorate the harm to JBR by recommending to the Panel that JBR's case against Keurig be remanded to California, without resulting in any increase in the complexity of the remaining pretrial tasks in terms of the effort required by the parties, and without any prejudice to any other party.

Dated: April 8, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: 　/s/ Daniel Johnson Jr.
　　　　　　　　　　　　　　　　　　　　Daniel Johnson Jr. (CA Bar No. 57409)
　　　　　　　　　　　　　　　　　　　　Mario Moore (CA Bar No. 231644)
　　　　　　　　　　　　　　　　　　　　Robert G. Litts (CA Bar No. 205984)
　　　　　　　　　　　　　　　　　　　　**DAN JOHNSON LAW GROUP, LLP**
　　　　　　　　　　　　　　　　　　　　1350 Old Bayshore Highway, Suite 520
　　　　　　　　　　　　　　　　　　　　Burlingame, CA 94010
　　　　　　　　　　　　　　　　　　　　Telephone: 415-604-4500
　　　　　　　　　　　　　　　　　　　　Email: dan@danjohnsonlawgroup.com
　　　　　　　　　　　　　　　　　　　　Email: mario@danjohnsonlawgroup.com
　　　　　　　　　　　　　　　　　　　　Email: robert@danjohnsonlawgroup.com