# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE:<br><br>KEURIG GREEN MOUNTAIN SINGLE SERVE COFFEE ANTITRUST LITIGATION | : : : : : : : : : | ECF Case<br><br>MDL No. 2542<br><br>Master Docket No. 1:14-md-2542-VSB-SLC |
| JBR, Inc. (D/B/A ROGERS FAMILY COMPANY),<br><br>    Plaintiff/<br>    Counterclaim Defendant,<br><br>    v.<br><br>KEURIG GREEN MOUNTAIN, INC. (F/K/A GREEN MOUNTAIN COFFEE ROASTERS, INC. AND AS SUCCESSOR TO KEURIG, INC.),<br><br>    Defendant/<br>    Counterclaim Plaintiff. | : : : : : : : : : : : : : : : : : | 1:14-cv-04242-VSB-SLC |

**JBR'S RESPONSE IN OPPOSITION TO KEURIG'S MOTION FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE**

TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PROCEDURAL HISTORY | 1 |
| III. | ARGUMENT | 5 |
| | A. Keurig's requested relief should be denied because it was not diligent in seeking comprehensive discovery on the subject matter on which it seeks sanctions. | 5 |
| | B. Keurig's requested relief should be denied as untimely. | 10 |
| | C. Keurig's requested relief should be denied because Keurig is holding JBR to an unreasonably higher standard than Keurig's conduct with respect to preservation of notes from meeting with Costco. | 11 |
| IV. | CONCLUSION | 12 |

TABLE OF AUTHORITIES

Page

**Cases**

*Brown v. Chertoff*,
 563 F.Supp.2d 1372 (S.D. Ga. 2008) .................................................................................... 9

*Brown v. Coleman*,
 2009 WL 2877602 (S.D.N.Y.2009) ...................................................................................... 6

*De Espana v. Am. Bureau of Shipping*,
 2007 WL 1686327 (S.D.N.Y.2007) ...................................................................................... 6

*Frey v. Gainey Transp. Servs., Inc.*,
 No. 1:05–cv–1493–JOF, 2006 WL 2443787 (N.D. Ga. Aug. 22, 2006) ................................ 7

*FTC v. Nationwide Connections, Inc.*,
 No. 06–80180–CIV, 2007 WL 4482607 (S.D. Fla. Dec.19, 2007) ........................................ 7

*Goodman v. Praxair Servs., Inc.*,
 632 F.Supp.2d 494 (D. Md. 2009) ...................................................................................... 10

*Goonewardena v. N.Y. Workers Comp. Bd.*,
 No. 09 Civ. 8244 (RA), 258 F.Supp.3d 326, 2017 WL 2799171 (S.D.N.Y. June 28, 2017) ..... 7

*Greyhound Lines, Inc. v. Wade*,
 485 F.3d 1032 (8th Cir. 2007) .............................................................................................. 5

*Griffin v. GMAC Commercial Fin.*, LLC,
 No. 1:05–cv–199–WBH–GGB, 2007 WL 521907 (N.D. Ga. Feb. 15, 2007) ......................... 9

*Gutierrez–Bonilla v. Target Corp.*,
 No. 08-CV-3985 (JS) (AKT), 2009 WL 5062116 (E.D.N.Y. Dec. 16, 2009) .......................... 8

*Heath v. Wal–Mart Stores East, LP*,
 697 F.Supp.2d 1373 (N.D.Ga.2010) ..................................................................................... 7

*ILWU-PMA Welfare Plan Bd. of Trustees & ILWU-PMA Welfare Plan v. Connecticut Gen. Life Ins. Co.*,
 No. C 15-02965 WHA, 2017 WL 345988 (N.D. Cal. Jan. 24, 2017) ............................... 9, 10

*In re Delta/Airtran Baggage Fee Antitrust Litigation*,
 770 F. Supp. 2d 1299 (N.D. Ga. 2011) ................................................................................. 9

*In re Pfizer Inc. Sec. Litig.*,
 288 F.R.D. 297 (S.D.N.Y. 2013) .......................................................................................... 5

*Indem. Ins. Co. of N. Am. v. Liebert Corp.*,
   No. 96 CIV. 6675 (DC), 1998 WL 363834 (S.D.N.Y. June 29, 1998) .................................. 5, 9

*Lakes Gas Co. v. Clark Oil Trading Co.*,
   875 F. Supp. 2d 1289 (D. Kan. 2012) ...................................................................................... 8

*Luellen v. Hodge*,
   No. 11-CV-6144P, 2014 WL 1315317 (W.D.N.Y. Mar. 28, 2014) .......................................... 6

*Marshall v. Dentfirst, P.C.*,
   313 F.R.D. 691 (N.D. Ga. 2016) ............................................................................................... 9

*McGinnity v. Metro-N. Commuter R.R.*,
   183 F.R.D. 58 (D. Conn. 1998) ................................................................................................ 9

*Petcou v. CH Robinson Worldwide, Inc.*,
   No. 1:06–cv–2157–HTW–GGB, 2008 WL 542684 (N.D. Ga. Feb. 25, 2008) ......................... 7

*Point Blank Solutions, Inc. v. Toyobo Am., Inc.*,
   No. 09–61166–CIV, 2011 WL 1456029 (S.D. Fla. Apr. 5, 2011) ............................................ 7

*R.F.M.A.S., Inc. v. So*,
   271 F.R.D. 13 (S.D.N.Y. 2010) ................................................................................................ 7

*R.F.M.A.S., Inc. v. So*,
   271 F.R.D. 55 (S.D.N.Y. 2010) ......................................................................................... 9, 10

*Residential Funding Corp. v. DeGeorge Financial Corp.*,
   306 F.3d 99 (2d Cir. 2002) ........................................................................................................ 6

*Sherwin-Williams Co. v. JB Collision Servs., Inc.*,
   No. 13CV1946-LAB WVG, 2015 WL 4077732 (S.D. Cal. July 6, 2015) .............................. 10

*Toussie v. County of Suffolk*,
   2007 WL 4565160 (E.D.N.Y. 2007) ......................................................................................... 6

*Turner v. Pub. Serv. Co. of Colorado*,
   563 F.3d 1136 (10th Cir. 2009) ................................................................................................ 6

*West v. Goodyear Tire & Rubber Co.,*
   167 F.3d 776 (2d Cir. 1999) .................................................................................................. 5, 6

*Wilder v. Rockdale Cty.*,
   No. 1:13-CV-2715-RWS, 2015 WL 1724596 (N.D. Ga. Apr. 15, 2015) .................................. 7

*Zubulake v. UBS Warburg LLC*,
   220 F.R.D. 212 (S.D.N.Y. 2003) ............................................................................................. 11

## I. INTRODUCTION

In an effort to deflect attention from its widespread failure to retain relevant documents, Keurig's spoliation motion engages in victim blaming against Plaintiffs and concocts a story about JBR's purported failure to preserve hard copy documents. However, Keurig's time-barred motion contradicts its own conduct in discovery, where Keurig made no effort to develop a fulsome evidentiary record concerning 2014 communications between JBR and Costco. In fact, Keurig did the opposite by pressing for discovery to be shut down before Costco had even produced any documents. Similarly, Keurig produced no hard copy documents from its own executives who met with Costco in 2013 and 2014. If Keurig thought essential materials were destroyed by JBR, it could have formulated document and deposition requests to various people involved in JBR/Costco meetings, and thereby uncovered plenty of testimonial and documentary evidence relating to the January 2014 meeting. Having not done so, Keurig has no basis to argue prejudice or bad faith on the part of JBR. Keurig's sanctions request should therefore be denied.

## II. PROCEDURAL HISTORY

Prior to this litigation, JBR undertook several major efforts to preserve documents of relevance to this matter. First, JBR implemented a hold notice on December 7, 2011 in the *Keurig v. JBR* patent litigation. *See* Declaration of Mario Moore in Support of JBR's Response in Opposition to Keurig's Motion for Sanctions Due to Spoliation of Evidence ("Moore Decl."), Ex. C [JBR Priv. Log]. Because Keurig's patent claims in that litigation included demands for lost profits damages and injunctive relief, the discovery and litigation hold in that case covered the same categories of materials relevant to the antitrust case. Moore Decl., Ex. A [Keurig v. JBR Complaint]. Second, JBR collected documents in 2012 for the patent litigation. Before filing the complaint and throughout the litigation, JBR implemented a company-wide electronic document

1

and email retention effort using centralized software, preserving email and electronic documents for current and former employees for an unlimited time period. Moore Decl., Ex. B [5/14/20 Morales Dep.] at 27:13-28:16, 46:10-24. Hard copy documents were also retained using a combination of electronic scanning efforts and storage in boxes. *Id*. at 25:17-26:14.

In March and April 2014, JBR and its counsel at Morgan Lewis undertook document collection efforts for the antitrust case including extensive interviews with employees, and sent a litigation hold to notify employees of their need to preserve document. Moore Decl., ¶ 12; Ex. C [JBR Priv. Log]. The hold notice was sent broadly to all executives (including Jim Rogers), all finance staff, all sales team members, all customer service representatives, and numerous individuals in every relevant department. Throughout the litigation, JBR's outside counsel at both Morgan Lewis and Dan Johnson Law Group remained in close contact with JBR employees to remind them to save documents relevant to the case.

In February 2018, during the start-up of document discovery, JBR identified its date of sending a case specific litigation hold notice to various custodians. ECF No. 1292, Ex. BB. Keurig has never suggested in meet and confer that the hold notice was insufficiently distributed, or insufficient in scope; nor did Keurig contend in meet and confer that spoliation had occurred and needed to be rectified.

Beginning in spring 2018, JBR, a relatively small family run company, produced 1.3 million documents to Keurig, including 40,866 from Jim Rogers' custodian files, and 52,834 emails on which Jim Rogers was a sender, recipient, or cc. Moore Decl., ¶ 13.

Full scale deposition discovery commenced in 2019. On February 12 and 13, 2019, Keurig took Jim Rogers' deposition, eliciting the testimony relating to a January 2014 meeting with Costco. ECF No. 1292, Ex. BA. Following the deposition, Keurig asked for JBR to produce

various categories of documents alluded to in Mr. Rogers' testimony, but notably did not ask for JBR to undertake a supplemental search for documents relating to the Costco/Rogers meeting in January 2014.  Moore Decl., Ex. D [4/17/19 email from A. Freedman to M. Moore requesting arbitration documents following Jim Rogers deposition].

In other instances, where Keurig has followed up on deposition testimony by asking Rogers to undertake supplemental searches, Rogers has done so.  For example, Rogers produced hard copy materials referenced in other depositions.  *Id*.; Moore Decl., Ex. E [5/10/19 email re Hybsch binder].  But since Keurig did not raise any issue as to the January 2014 meeting, JBR's counsel never had a basis to understand that Keurig was seeking additional documents or testimony from JBR relating to the meeting.  Moore Decl., ¶ 14.

Keurig ***did not move to compel*** or even threaten to move to compel against JBR regarding any particular hard copy document or any particular class of documents relating to the JBR/Costco meeting in January 2014.  With respect to document discovery, Keurig's only motions to compel against JBR in this matter concerned a set of arbitration documents relating to a JBR litigation against its former attorney relating to advice given with respect to JBR's packaging claims about the environmental friendliness of JBR's products.

Costco was subpoenaed by plaintiffs in May 2018, and by Keurig in January 2019.  Moore Decl., Ex. F [Costco subpoenas].  Keurig's subpoena did not request with specificity any particular Costco documents relating to the January 2014 meeting with JBR.

To prevent large scale production from third parties such as Costco, Keurig repeatedly took positions designed to limit discovery obtained from third parties.  In March 2020, Plaintiffs were forced to request an extension of the discovery schedule because Costco, Walmart, and various other Keurig partner retailers delayed producing documents.  ECF Nos. 769, 808 at p. 3.  Keurig

3

opposed the request to extend the discovery schedule (ECF No. 798), but the Court rejected Keurig's arguments, and granted plaintiffs' requested extension of the discovery schedule. ECF Nos. 834, 839. Keurig moved to reduce the number of third-party deposition hours, contending that third party discovery was duplicative and unnecessary; the Court partially granted the request. ECF Nos. 859, 885, 888. Similarly, Keurig unsuccessfully opposed Plaintiffs' subsequent request to increase the number of third-party deposition hours. ECF Nos. 998, 1004.

On June 12, 2020, Costco produced 846 documents in response to a subpoena by plaintiffs. Moore Decl., Ex. G [6/12/20 Perkins email]. This production was a compromise after the search terms identified by Plaintiffs resulted in hits on tens of thousands of potentially relevant Costco documents. Costco produced a subset of those search results while objecting on burden grounds to producing more. Moore Decl., Ex. ¶ 14.

In the June 17, 2020 deposition of Costco single-serve portion pack buyer Shannon Axthelm, Keurig, in over 60 pages of questioning about JBR, did not ask any questions relating to the January 2014 meeting between Keurig and Rogers, even though Axthelm was in the meeting. ECF No. 1292-56 [Kay Decl., Ex. BD]; Moore Decl., Ex. H [Axthelm Dep.] at pp. 152-215. Although ████████████████████████████████████████, Keurig did not introduce any of those documents as exhibits to the deposition and did not reference those emails in its spoliation motion. Moore Decl., Ex. I ████████████████████████████ ████████████████████████████████████████████████ Similarly, Keurig did not follow up with Costco during the subpoena process or before or after the deposition to request production of additional emails relating to the meeting or hard copy notes from the meeting. Moore Decl., ¶ 14. Keurig also did not move to compel against Costco to seek additional materials.

4

Keurig's motion does not reference any hard copy documents from its own files relating to its executives' meetings with Costco in 2013 and 2014 relating to the rollout of Keurig 2.0 brewers and portion packs. Moore Decl., ¶ 15. It appears that Keurig did not produce hard copy documents relating to Costco from 2013 and 2014 from the files of its CEO Brian Kelley, Head of U.S. Sales and Marketing John Whoriskey, and Director of Strategy and Innovation Annie Oh. *Id.*

### III.  ARGUMENT

#### A.  Keurig's requested relief should be denied because it was not diligent in seeking comprehensive discovery on the subject matter on which it seeks sanctions.

Because Keurig failed to take the steps necessary to investigate and seek discovery about obvious sources of information that would pertain to the January 2014 JBR/Costco meeting, it cannot seek preclusion sanctions because it cannot establish any prejudice. *In re Pfizer Inc. Sec. Litig.*, 288 F.R.D. 297, 316 (S.D.N.Y. 2013) ("[A] court should never impose spoliation sanctions of any sort unless there has been a showing—inferential or otherwise—that the movant has suffered prejudice.") (citation omitted).

Fundamental to the spoliation inquiry is whether the purportedly spoliated documents reflect information that can be obtained from other sources of evidence — depositions, other documents, other parties — thereby mitigating the prejudice to the requesting party. *See Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007) (observing—in concluding that the district court did not err in declining to find spoliation—that while some evidence was not preserved, other remaining evidence spoke to the subject matter at issue); *Indem. Ins. Co. of N. Am. v. Liebert Corp.*, No. 96 CIV. 6675 (DC), 1998 WL 363834, at *6 (S.D.N.Y. June 29, 1998) (ordering further depositions of individuals who saw the evidence, stating "loss of the evidence did not 'irrevocably strip' defendants of their useful defenses") (internal citations omitted); *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (reversing sanction and noting

5

that sanction should restore "the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party.")

This reflects the notion that "adverse inference and preclusion sanctions are severe sanctions that should be reserved for egregious conduct or for situations in which the loss of the relevant evidence has so prejudiced the moving party that preclusion or an adverse inference is necessary to restore the moving party to its pre-loss position." *Luellen v. Hodge*, No. 11-CV-6144P, 2014 WL 1315317, at *8 (W.D.N.Y. Mar. 28, 2014), citing *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 112 (2d Cir. 2002) (instructing district court on remand to consider monetary sanctions in lieu of adverse inference instruction if no prejudice is found); *West v. Goodyear Tire & Rubber Company*, 167 F.3d 776, 780 (2d Cir. 1999); *Brown v. Coleman*, 2009 WL 2877602, at *3 (S.D.N.Y.2009); *Toussie v. County of Suffolk*, No. CV 01-6716 (JS) (ARL), 2007 WL 4565160, at *9 (E.D.N.Y. 2007) (declining to order adverse inference instruction where the movant had "not sufficiently demonstrated that the destroyed/lost emails were favorable" to its case); *De Espana v. Am. Bureau of Shipping*, No. 03 CV 3573, 2007 WL 1686327, at *8 (S.D.N.Y.2007) (same). Indeed, as the party seeking sanctions, it is Keurig's burden here to show that the destroyed evidence would have been favorable to it. *See Id.* at *6 (S.D.N.Y. June 6, 2007) (noting that "where the culpable party was negligent, there must be extrinsic evidence to demonstrate that the destroyed evidence was relevant and would have been unfavorable to the destroying party").

When other documentary and testimonial evidence is available to allow the requesting party to prove their case or defense, the prejudice is insufficient to justify an adverse inference. *Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1150 (10th Cir. 2009) ("Assuming PSCo had a duty to retain the interview notes under the spoliation doctrine, there is no evidence that

6

Turner was "actually, rather than merely theoretically" prejudiced by their loss . . . Turner had access to a significant amount of evidence regarding the interview process and her performance during the 2004 interview."); *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, No. 09–61166–CIV, 2011 WL 1456029, at *27 (S.D. Fla. Apr. 5, 2011) (if plaintiff "cannot show that it is 'sufficiently impaired in [its] ability to prove its case,' then it cannot show 'entitlement to an adverse inference based on any destruction of [documents]"), quoting *FTC v. Nationwide Connections, Inc.*, No. 06–80180–CIV, 2007 WL 4482607, at *3 (S.D. Fla. Dec.19, 2007))); *Wilder v. Rockdale Cty.*, No. 1:13-CV-2715-RWS, 2015 WL 1724596, at *3–4 (N.D. Ga. Apr. 15, 2015) (denying spoliation sanctions where other evidence available to prove case); *Heath v. Wal–Mart Stores East, LP*, 697 F.Supp.2d 1373, 1378 (N.D.Ga.2010) (refusing to impose spoliation sanctions in part because the missing evidence was "only part of the puzzle"); *Frey v. Gainey Transp. Servs., Inc.*, No. 1:05–cv–1493–JOF, 2006 WL 2443787, at *8–9 (N.D. Ga. Aug. 22, 2006) (finding no prejudice because the missing evidence was "not crucial" to the plaintiff's claims); *Petcou v. CH Robinson Worldwide, Inc.*, No. 1:06–cv–2157–HTW–GGB, 2008 WL 542684, at *3 (N.D. Ga. Feb. 25, 2008) (denying spoliation sanctions because among other things "the resulting prejudice to Plaintiff was relatively minor given other available evidence").

Here, Keurig cannot demonstrate prejudice when the reality is that it fundamentally failed to take discovery pertaining to the factual issue on which it now seeks sanctions. *See Goonewardena v. N.Y. Workers Comp. Bd.*, No. 09 Civ. 8244 (RA), 2017 WL 2799171, at *16 (S.D.N.Y. June 28, 2017) (rejecting prejudice from spoliation and sanctions where during "discovery [the other parties] never asked for the evidence later shown to have been spoliated"); *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 25 (S.D.N.Y. 2010) ("Where the discovery violation involves spoliation or withholding of evidence, the absence of prejudice can be shown by

7

demonstrating ... that during discovery [the other parties] never asked for the evidence later shown to have been spoliated."); *Gutierrez–Bonilla v. Target Corp.*, No. 08-CV-3985 (JS) (AKT), 2009 WL 5062116, at *4 (E.D.N.Y. Dec. 16, 2009); *Lakes Gas Co. v. Clark Oil Trading Co.*, 875 F. Supp. 2d 1289, 1311 (D. Kan. 2012) (denying sanctions where party "did not pursue all avenues of discovery that might have helped mitigate any loss of relevant evidence"). Among the basic steps Keurig could have taken to alleviate the prejudice include: serving interrogatories seeking identification of what was discussed in the meeting, serving Rule 31 notices of deposition by written question on relevant third party witnesses, serving specific 30(b)(6) topics on Costco directed to that subject matter, requesting documents and/or search terms directed at finding documents from the meeting, and asking questions of witnesses who were at the meeting, including Costco portion pack merchandising manager Shannon Axthelm, who was Costco's principal deponent.

Keurig took none of those steps. Keurig never questioned any witness other than Jim Rogers about documents relating to the January 2014 JBR/Costco meeting despite having many opportunities to do so. And despite ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ nor did Keurig serve follow up discovery about the meeting.

Keurig's failure to take discovery about the meeting is analogous to other cases that have denied sanctions when the relevant evidence was available through depositions of knowledgeable individuals. For example, in *In re Delta/AirTran*, the court found that any prejudice the plaintiffs suffered was mitigated by their opportunity to depose Delta employees who had knowledge of facts related to the plaintiffs' claims. *In re Delta/Airtran Baggage Fee Antitrust Litigation*, 770 F.

Supp. 2d 1299, 1311 (N.D. Ga. 2011); *see also ILWU-PMA Welfare Plan Bd. of Trustees & ILWU-PMA Welfare Plan v. Connecticut Gen. Life Ins. Co.*, No. C 15-02965 WHA, 2017 WL 345988, at *7 (N.D. Cal. Jan. 24, 2017) (ordering further subpoenas and depositions rather than sanctions to address prejudice from spoliation); *Indem. Ins. Co. of N. Am. v. Liebert Corp.*, No. 96 CIV. 6675 (DC), 1998 WL 363834, at *6 (S.D.N.Y. June 29, 1998); *Marshall v. Dentfirst, P.C.*, 313 F.R.D. 691, 699 (N.D. Ga. 2016) ("any claimed prejudice Plaintiff suffered by the alleged spoliation is mitigated by her opportunity to depose the DentFirst employees who reported, and investigated, Plaintiff's misconduct."); *Griffin v. GMAC Commercial Fin.*, LLC, No. 1:05–cv–199–WBH–GGB, 2007 WL 521907, at *4 (N.D. Ga. Feb. 15, 2007) (destroyed evidence "had little practical effect" because plaintiff remained "free, during discovery, to question all of those involved"); *Brown v. Chertoff*, 563 F.Supp.2d 1372, 1379 (S.D. Ga. 2008) (same).

It is fundamental that one cannot seek spoliation sanctions without first engaging in diligent follow up in discovery to alleviate any prejudice[1] caused by the alleged spoliation. *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 55, 57 (S.D.N.Y. 2010) ("FMAS's claim of prejudice associated with the missing evidence . . . is either overstated or mitigated in other respects. Particularly compelling is the Order's determination that to a substantial degree the level of resulting prejudice to RFMAS is self-imposed by reason of RFMAS's considerable delay in seeking a remedy."). In that regard,

---

[1] In addition to Keurig's failure to mitigate prejudice to Keurig, it should also be noted that, to the extent any prejudice resulted from destruction of notes, the prejudice was to both JBR and Keurig in this matter, because the notes would have further supported JBR's position more than Keurig's. *McGinnity v. Metro-N. Commuter R.R.*, 183 F.R.D. 58, 63 (D. Conn. 1998) (declining to order sanction because "all parties are equally prejudiced by the absence of the tape recording, which might have supported plaintiffs' contention in their depositions that Parsons ordered them to investigate the situation despite learning that Drinks was running around like a wild man, or might have supported defendant's position that the second conversation never occurred.") As in *McGinnity*, "[s]ince complete discovery has been conducted by all parties in the absence of the [evidence], it cannot be said that Keurig alone ha[s] been prejudiced by [any] failure to preserve."

9

self-imposed by reason of RFMAS's considerable delay in seeking a remedy."). In that regard, Keurig has completely failed. Therefore, Keurig cannot now sandbag JBR with an after-the-fact sanction request pertaining to a series of documents that it never followed up on in a discovery period that lasted 3.5 years.

### B. Keurig's requested relief should be denied as untimely.

Keurig's requested relief flouts the case schedule in this order by seeking to sandbag JBR with sanctions over year after the close of fact discovery. Keurig's motion is particularly untimely because it is based on facts learned in a deposition 26 months ago without any follow up. *Goodman v. Praxair Servs., Inc.*, 632 F.Supp.2d 494, 508 (D. Md. 2009) (a spoliation motion doesn't need to be filed before the close of discovery but, it should "be filed as soon as reasonably possible after discovery of the facts that underlie the motion."); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, No. 13CV1946-LAB WVG, 2015 WL 4077732, at *2 (S.D. Cal. July 6, 2015) (three months delay was sufficient to justify denial of spoliation motion); *R.F.M.A.S., Inc.*, 271 F.R.D. at 57.

A timely motion during discovery would have given the parties and the Court the opportunity to mitigate any purported prejudice. *ILWU-PMA Welfare Plan Bd. of Trustees & ILWU-PMA Welfare Plan v. Connecticut Gen. Life Ins. Co.*, No. C 15-02965 WHA, 2017 WL 345988, at *7 (N.D. Cal. Jan. 24, 2017) (noting untimeliness of parties' prior efforts to address spoliation and ordering further subpoenas and depositions to mitigate prejudice). Notably, if Keurig had raised the issue during discovery, JBR and Keurig could have met and conferred to alleviate the purported harm to Keurig by offering a combination of additional depositions, additional document productions, and additional subpoenas. Keurig's delay makes it now impractical to provide remedial discovery without further increasing delay and expense in an already expensive discovery process. It is obvious Keurig did not want JBR to mitigate the prejudice; that is why it chose to hide the issue for two years until after discovery closed.

10

### C. Keurig's requested relief should be denied because Keurig is holding JBR to an unreasonably higher standard than Keurig's conduct with respect to preservation of notes from meeting with Costco.

Keurig's motion is unfounded because JBR complied with its litigation hold obligations by preserving millions of documents and repeatedly following up. The litigation hold applied to both hard copy and electronic documents. While some individual employees with no legal background may have had trouble remembering the details of the comprehensive hold notice when questioned in deposition, the reality is that JBR had (and continues to have) systematic procedures in place to preserve evidence kept in the ordinary course of business. JBR met its obligation to preserve unique relevant evidence and was not required to preserve every scrap of paper. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) ("Must a corporation, upon recognizing the threat of litigation, preserve every shred of paper, every e-mail or electronic document, and every backup tape? The answer is clearly, 'no'.").

In castigating JBR for an alleged failure to preserve handwritten notes from one 2014 meeting with Costco, Keurig seeks to invoke a standard far higher than Keurig applies to its own conduct with respect to its own documents. Keurig produced thousands of electronic documents relating to its various meetings with Costco, but handwritten notes from Keurig's most senior executives are noticeably absent from the production. There is therefore no Keurig production of handwritten discussions of ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████ exact same 2013-2014 timeframe as the JBR/Costco meeting that is the focus of Keurig's motion against JBR.

11

Having failed to preserve its own handwritten records from its meetings with Costco, Keurig lacks the factual or equitable basis to assert any prejudice to the extent it accuses JBR of engaging in the identical behavior.

## IV.     CONCLUSION

For the foregoing reasons, Keurig's procedurally defective and baseless request for sanctions should be denied.

Dated: May 21, 2021                                 Respectfully submitted,

By:     /s/ Mario Moore
Daniel Johnson Jr. (CA Bar No. 57409)
Mario Moore (CA Bar No. 231644)
Robert G. Litts (CA Bar No. 205984)
**DAN JOHNSON LAW GROUP, LLP**
1350 Old Bayshore Highway, Suite 520,
Burlingame, CA 94010
Telephone: 415-604-4500
Email: dan@danjohnsonlawgroup.com
Email: mario@danjohnsonlawgroup.com
Email: robert@danjohnsonlawgroup.com